## STATE EX REL. *vs.* FALCONER.

[INFORMATION IN THE NATURE OF QUO WARRANTO.]

1. *Office; failure to do what, does not vacate ipso facto.*—The failure of an officer to file his bond within the time prescribed by law, does not *ipso facto* vacate his office.

2. *Commissioners court; what has not jurisdiction of.*—The commissioners court has no jurisdiction to declare the office of tax collector vacant. Its appointment of a person to the office, when there was no vacancy, is void.

3. *Act approved October 8th, 1868; what waived.*—The act of the legislature, approved October 8th, 1868, extending the time within which tax collectors should file their official bonds, was a waiver of the right of the State to claim a forfeiture of office against those who had not at that time given bond.

4. *Mandamus and quo warranto; when concurrent remedies.*—*Mandamus* and *quo warranto* are sometimes concurrent remedies to try the right of contending parties to an office.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

The opinion states the facts.

WALKER, MURPHEY & WINTER, for appellant.
GOLDTHWAITE, RICE & SEMPLE, *contra.*

B. F. SAFFOLD, J.—At the election for State and county officers, held in February, 1868, William Falconer

was elected tax collector of Montgomery county. On the 2d of October, 1868, he not having offered his official bond, the commissioners' court of Montgomery county entered on its minutes the following order: "Ordered, that the office of tax collector be, and the same is hereby declared vacant, and that the court do now proceed to fill the vacancy by appointment; whereupon George F. Stewart was appointed county tax collector."

On the 15th of October, 1868, Falconer tendered to the probate judge a bond, which he declined to approve on the ground that he was not then entitled to the office. Stewart having declined to accept, the appellant was appointed in his stead by the commissioners' court, on the 6th of November, 1868. Falconer's bond was approved August 5th, 1869, under a *mandamus* from this court, and he, thereupon, assumed the duties of the office. The present proceeding is an inquiry by writ of *quo warranto* into his right to do so.

At the time the commissioners court declared the office of tax collector vacant, and appointed Stewart, the time prescribed within which Falconer was to make his bond, had expired. Cause of forfeiture existed, but no declaration to that effect had been made by a tribunal competent for the purpose, when the legislature passed an act extending the time within which these officers might make and file their bonds.—Acts 1868, p. 218. Before the expiration of this extended time the appellee offered a suitable bond.

It has been decided by this court that the failure of an officer to file his bond within the time prescribed by law, does not *ipso facto* vacate his office.—*Sprowl v. Lawrence*, 33 Ala. 674.

The commissioners court has authority to fill a vacancy in the office of tax collector, but it has no jurisdiction to declare a vacancy.—*State ex rel. v. Ely, Judge, &c.*, 43 Ala. Being a court of limited jurisdiction, its order appointing Stewart is void on its face. No statement of how, or why there was a vacancy is made. An order declaring the office vacant was made, which was wholly unauthorized

and extra judicial, as a judgment or inquisition of office.— *Hill v. The State*, 1 Ala. 559.

I am aware that there is high authority for the proposition, insisted on by the counsel for the appellant, when this case was before this court in the form of *The State ex rel. v. Ely, Judge, &c.*, 43 Ala. 568, that when a person has obtained possession of an office, under color of right, a *mandamus* will not lie to install another, but the incumbent must be removed by a proceeding *quo warranto;* the practice, however, has not been established in this State to that extent. An examination, either way, would probably indicate the result of the other, but I do not see how it could dispense with it entirely.—*People v. Kilduff*, 15 Ill. 492 ; *Street v. County Commissioners*, Breese, 25 ; *People v. Head,* 25 Ill. 325.

The judgment is affirmed.