[No. 369.   Decided May 6, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Fred H. Lysons, Appellant,* v. GEORGE C. RUFF, *Respondent.*

OFFICE AND OFFICERS—FAILURE TO QUALIFY—FORFEITURE.

The failure of a person elected to the office of county auditor to qualify within fifteen days after notice of election, as required by Code 1881, § 2708, does not work an absolute forfeiture of the office under the provisions of § 3063, Code 1881, declaring vacant every office to which a person elected shall neglect to take the oath of office within the time prescribed by law, as the right to the office under our statutes is dependent upon the election, and not upon the qualification, the failure to qualify being merely a ground of forfeiture authorizing the proper authority to declare a vacancy and fill the same by appointment. (DUNBAR and SCOTT, JJ., dissent.)

*Appeal from Superior Court, Snohomish County.*

The facts are stated in the opinion.

*Hill, Gilliam & Benson, Fishback & Hardin* and *L. F. Hart,* for appellant.

*Ault & Munns,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The relator was, at the time of and prior to the election held in 1890, the auditor of Snohomish county. At said election respondent was duly elected as his successor in office, but did not qualify by taking the proper oath of office and giving bond, within fifteen days after the service upon him of notice of his election, as required by the statute. About the 17th day of January following his election he completed his qualification by complying with the statutes in that regard, and entered upon the discharge of his duties as such auditor. Whereupon relator brought this action to determine as to the right to said office as between himself and said respondent.

Under this state of facts it is contended by the relator that the respondent by his failure to comply with the statute, as to qualification within the time therein provided, vacated said office, and that under the provisions of the law relating thereto he was entitled to hold over until the election and qualification of his successor. On the other hand the respondent contends that he did not lose his right to said office by reason of such failure to qualify, and that having qualified, before any action seeking to declare said office vacant, his right to the same became vested. This question must be determined by the construction of our statutes. Sec. 2708, Code of 1881, is as follows: "Every auditor, within fifteen days after receiving his certificate of election, and before he shall enter upon the discharge of the duties of his office, shall" . . . And from the language used it will be seen that it was the duty of the respondent to have fully qualified within fifteen days after notice of his election, and if such language is considered mandatory it would conclusively establish the position contended for by the relator. Is it mandatory or declaratory? Such provisions have almost universally been held to be simply declaratory. See *City of Chicago v. Gage*, 95 Ill. 593, 35 Am. Rep. 182; *People v. Holley*, 12 Wend. 481; *State v. Churchill*, 41 Mo. 41; *State v. Porter*, 7 Ind. 204; *State v. Falconer*, 44 Ala. 696; Mechem on Public Officers, §§ 265, 266.

The language of this section, then, if standing alone must, under the authorities, be construed as being simply declaratory. In fact, as we understand the position of relator, he does not question this position, and if the section above quoted stood alone in our statutes, there would be little ground for controversy in relation to the question at bar; but it is claimed that under the language of this section, as read in the light of § 3063 of the code, it must receive an entirely different construction from what it would if standing alone. Said last named section is as follows:

" Every office shall become vacant on the happening of either of the following events: . . . The death of the incumbent, . . . his refusal or neglect to take his oath of office . . . within the time prescribed by law."

In determining the force of these statutes this well settled rule must be borne in mind, that forfeitures are abhorred by the courts, and that when it is reasonably possible so to construe the law as to avoid a forfeiture, such construction will be adopted. If, as we have seen, the first section above quoted is clearly declaratory when standing alone, the last section above quoted might be held to have been enacted in view of such construction of said first section, and the legislature to have intended in said last section by the words " within the time fixed by law," not within fifteen days as named therein, but within the time which the court would hold to be covered by said section when construed as declaratory and not mandatory. With such a construction of § 3063 all difficulty would be done away with and there would be nothing in it to change the rule of construction which would otherwise obtain as to said § 2708. Said § 3063 is found within the chapter relating to the filling of vacancies, and provides what facts shall be sufficient to authorize the proper authority to exercise its powers in that regard. But it does not follow that the person elected has lost all right by reason of his failure to qualify. The object of such provision will be fully accomplished by holding that such failure to qualify does not in itself work a forfeiture of the right to the office, but simply authorizes the proper authority to declare such forfeiture and fill the office by appointment. By this construction force would be given to every word in said § 3063, and the usual construction preserved as to the other section in question. Thus construed the proper authority would, at any time after the expiration of the fifteen days

prescribed by the statute, have the power to declare a vacancy, and at once fill the same by appointment, and this having been done, the right of the person elected to the office would be determined and ended, but until such action was taken the person elected could, by qualifying within any reasonable time after notice of his election, make perfect his title.    If this were a new question, and if we were to take as the foundation of our decision the fact that said § 2708 would, if standing alone, be construed as declaratory, and would have been substantially complied with by a qualification within a reasonable time, instead of within the letter of the statute, this construction of § 3063 would be more reasonable, and would give better force to all the words of both statutes than would that contended for by the relator.    It must be borne in mind in this connection that these two sections are not parts of the same act, and a different rule of construction will obtain than would if the substance of § 3063 had been embodied as a part of § 2708.    If the legislature had provided in a single section that a person must qualify within fifteen days, and that if he did not do so his office should be vacant, there would be much greater force in the argument of relator than under the law as it stands.

There have been numerous adjudications bearing more or less directly upon the question herein involved, some of which seem to warrant the contention of each of the parties to this action.    We shall not attempt a general review of the cases, but shall content ourselves with a brief examination of the question in the light of the authorities.    Mechem on Public Officers lays down the general doctrine as follows:

"Statutes usually directory and not mandatory.    Failure to give bond within time prescribed does not work a forfeiture, even though the statute expressly provide that upon a failure to give the bond within the time prescribed the office

shall be deemed vacant and may be filled by appointment. It is generally held that the default is a ground for forfeiture only, and not a forfeiture *ipso facto.*"

The authorities cited by the relator and respondent, respectively, satisfy us that the conclusion to which Mr. Mechem has come, as above stated, is warranted thereby. A large list of authorities have been cited by the respective parties as sustaining or contradicting the conclusion of Mr. Mechem, as above stated.   The leading ones cited sustaining the text above quoted are:   *State v. Toomer,* 7 Rich. Law 216; *Sprowl v. Lawrence,* 33 Ala. 674, *City of Chicago v. Gage,* 95 Ill. 593 (35 Am. Rep. 182).   Of the long list cited by the relator upon the other side, the most of them, though perhaps tending in some degree to sustain the proposition for which they are cited, can easily be distinguished from this case, and can have but little force in deciding this question.   For instance, he cites *State v. Tucker,* 54 Ala. 205, and claims that it not only decides the question adverse to the text above quoted, but that it substantially overrules the case of *Sprowl v. Lawrence, supra;* while, as we read this case, it only decides that a judicial determination as to the existence of a vacancy is not a necessary prerequisite to an appointment to fill the same, and to us it seems evident that there was no intention to overrule the case in 33 Alabama, above cited, but a direct intention to affirm said case and distinguish it from this. *State v. Beard,* 34 La. Ann. 273, is also much relied upon, and if the statute, the construction of which was involved in that case, were like ours, the text would justify the citation, but such was not the case.   The statute construed there provided that the officer should qualify within a definite time named, and that a failure to do so should *ipso facto* work a forfeiture of the office, and it needs no argument to show that the language of the court in construing a statute of this kind, could throw no light upon

the construction of our statute.    The same court had in *State v. Peck*, 30 La. Ann. 281, under a statute which was not dissimilar from ours, held as contended for by respondent.   *In re Attorney General*, 14 Fla. 277, was decided without argument, and upon a proceeding substantially *ex parte.    State v. Matheny*, 7 Kan. 327, seems squarely in point, and to justify the contention of relator, but it must be said, with reference to that case, that the character of statutes of this kind, and the tendency of courts to hold them declaratory rather than mandatory, received no attention by the judge deciding it.    He contented himself with putting his decision solely upon the language of the statute of the state, and so far as appears from the opinion the controlling reason therefor may as well have been the fact that one section provided that the bond should be filed within twenty days, and that, therefore, it must be filed within that time, or not at all, as upon the other section, which was something like our § 3063.    What the judge says in deciding *People v. Taylor*, 57 Cal. 620, is entitled to but little weight, as, so far as it relates to this question, it was pure *dicta*.

Of all the cases cited by relator not more than two or three can be said to be squarely in point, and in our opinion they would not justify us in sustaining the contention of relator when that of respondent is upheld by such a text writer as Mr. Mechem, and by the authorities cited by him, especially as to do so would be to control and change what is conceded to be the ordinary and proper construction of the section  directly relating to the qualification of an officer by another section upon a different subject, the language of which can be given force without so doing.    Under some statutes the qualification is made a pre-requisite to the holding of the office, and in fact that which bestows the office.    Under such statutes a failure to qualify within the time specified would no doubt prevent a later assertion of any right thereto.    But under our statute

it is the election which gives the right to the office, and the qualification is only an incidental requirement for the protection of the public. If the provisions for such qualification are not timely complied with the public can protect itself by declaring a vacancy and filling the same by appointment, but until such acts have been done the force of the election has not been exhausted, and upon a compliance with the incidental duty of qualification is given full force. The construction which we have above contended for seems to us reasonable and proper. Beside, any other construction should be avoided if possible on account of the hardship and injustice that would be caused thereby. If the construction contended for by relator is to obtain, then the provisions of our statute must be held to be mandatory, and if they are mandatory they cannot be relieved against. It would follow that, however overwhelming the misfortune or necessity, a failure to qualify within the fifteen days would absolutely forfeit the office, notwithstanding the fact that the person elected thereto should have qualified the day after the expiration of such time. But it is said by the relator that the provision can be waived by the public through their proper officers, and he seeks to meet the force of many of the cases cited by respondent by the assertion that they present the *status* of the officer after such waiver of the right to declare forfeiture by the public. If the requirements are declaratory, they can, of course, be waived, and perhaps a failure to act affirmatively would in itself constitute a waiver, but if the provisions are mandatory there can be no waiver thereof. A definite time fixed by the legislature in a statute, which is held to be mandatory in all its provisions, cannot be extended. So soon as you once hold that the court, or any other power, has authority to extend the time fixed by the legislature, you in fact hold that the statute is declaratory, and not mandatory. The people by their votes determine their choice

of officers and they should not be robbed of the fruits of such choice for slight or insufficient reasons, and to hold that the legislature intended to rob them of such fruits by reason of the fact that their choice qualified sixteen days instead of only fifteen after notice of his election, would only be justified when language had been used which made such construction absolutely necessary. From the expiration of the fifteen days after notice of his election until the date of the qualification of respondent, it would have been competent for the proper authority to have declared the office vacant under the provisions of § 3063, but no action having been taken thereunder until the respondent was fully qualified, his right to the office became absolute.

The judgment of the court below must be affirmed.

ANDERS, C. J., and STILES, J., concur.

DUNBAR, J. (*dissenting*).—I am unable to agree with the majority. Nor do I think that a plain statutory enactment setting forth specifically circumstances under which an office becomes vacant should be construed out of existence by the mere statement of the theoretical rule that "forfeitures are abhorred by the courts." What the courts abhor should be of very little consequence. The vital question is, what did the legislature intend? I think it is an excellent idea for courts to give to statutory language its plain and ordinary meaning. Let us see what the lanuuage of § 3063 is:

"SEC. 3063. Every office shall become vacant on the happening of either of the following events before the expiration of the term of such officer: *First,* the death of the incumbent; *second,* his resignation; *third,* his removal; *fourth,* his ceasing to be an inhabitant of the district, county, town or village for which he shall have been elected or appointed, or within which the dutes of his office are to be discharged; *fifth,* his conviction of an infamous crime, or of any offense involving a violation of

16—4 WASH.

his official oath; *sixth,* his refusal or neglect to take his oath of office, or to give or renew his official bond, or to deposit such oath or bond within the time prescribed by law; *seventh,* the decision of a competent tribunal declaring void his election or appointment; *eighth,* whenever a judgment shall be otained against such officer for breach of the condition of his official bond."

It seems to me that if the legislature had desired to enact that an office should become vacant upon the refusal or neglect of the officer-elect to take his oath of office or to give or renew his official bond within the time prescribed by law, it could not have expressed itself in language more clear or unambiguous. Nothing is said about a "forfeiture being 'declared by the proper authority;" that is an idea expressed by the majority opinion, but it is not found anywhere in the law. It may be a wise amendment to the law, but, if so, it must be incorporated by legislative enactment, and not by judicial instruction. The interpretation of the majority that the language of § 3063, "within the time prescribed by law," does not refer to the time fixed by law, viz., within fifteen days, but means the time within which the court would hold to be covered by said section when "construed as declaratory, and not mandatory," is to my mind an interpretation unwarranted by any rule of construction, and will lead to results most confusing. "Within the time prescribed by law," is a very common legislative expression in enactments of this kind, and ordinarily I am inclined to think that in looking up the time in which to qualify under such a statute, the mind of every layman, practitioner or judge would go to the definite time prescribed by the law. It is true that hardships may arise in individual cases by construing these sections as mandatory, but that was a matter for the legislature to guard against. It is evident that it did not intend that the refusal of the officer to qualify should alone work a forfeiture, for the law specially provides that the neglect to

qualify shall also cause a vacancy. Neither do I think there is anything unwise in the requirement. Officers are elected not for the benefit of the individuals, but for the benefit of the community; and if an officer is so careless of the requirements of the law under which he is elected that he neglects to qualify, it is a fair indication that he will be neglectful in the transaction of the duties of his office. The judgment should be reversed.

SCOTT, J., concurs.