[No. 12345.   Department Two.   November 5, 1915.]

W. J. MAXWELL, *Respondent*, v. J. ANTHONY SMITH, *as Auditor etc., et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—TAXPAYER'S SUIT — OFFICERS — INJUNCTION. A suit may be maintained by a taxpayer to restrain the illegal expenditure of municipal funds without showing special damages to himself not suffered by the taxpayers generally; but equity will not grant an injunction in a taxpayer's suit unless the illegal act sought to be restrained would result in a damage to the public.

SAME—TAXPAYER'S SUIT—OFFICERS—INJUNCTION—GROUNDS. In a taxpayer's action to enjoin the payment of a city attorney's compensation, including that of his assistants as fixed by him, on the ground that such power could not be delegated to him, it is immaterial that he had not taken the oath of office; since his qualifications and right to hold office were not questioned.

SAME—OFFICERS—QUALIFYING—OATH OF OFFICE. The requirement that a city officer take the oath of office is directory, and failure to do so does not work a forfeiture of the office.

[1]Reported in 152 Pac. 530.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 5, 1914, in favor of the plaintiff, in an action for an injunction, tried to the court. Reversed.

*H. M. Stephens*, for appellants.

*E. D. Reiter*, for respondent.

Morris, C. J.—In this action W. J. Maxwell, suing as a resident taxpayer of the city of Spokane, sought to enjoin the auditor and treasurer of that city from paying the appellant Stephens any salary for his services as corporation counsel. Stephens was appointed to the office of corporation counsel by the city council, and his appointment confirmed by an ordinance defining his duties and fixing his salary at $1,500 per month. By the terms of his employment, he was to "furnish at his own cost necessary law assistants and stenographers sufficient, proper and adequately to attend to the legal business of the city." The grounds on which the injunction is asked are, (1) that this plan of compensation, whereby the corporation counsel is allowed to fix the salary of his assistants, violates § 26 of the city charter, and (2) that Stephens has not taken the oath of office required by § 34 of the city charter. The lower court entered an injunctive order, from which this appeal was taken.

Section 26 of the city charter provides that, "the council shall fix the compensation of all officers, assistants and employees, and may change the same." In support of the decree, it is contended that this section gives the council alone power to determine the compensation of assistants to the corporation counsel, and that by paying Stephens a lump sum, and allowing him to determine the salary to be paid his assistants, the council has unlawfully delegated its power to fix the compensation.

Granting, for the purposes of argument alone, that the ordinance is an illegal delegation of power, it does not fol-

low that the injunction should issue upon the application of respondent, unless he has made such a showing as entitles him to relief. *Jones v. Reed*, 3 Wash. 57, 27 Pac. 1067, and other cases, sustain the rule that a suit will not lie at the instance of a taxpayer to restrain the illegal act of a state officer. Appellants contend this principle is applicable here. The rule as to state officers must be regarded as settled in this state, but there is a fundamental distinction between restraining an officer of a sovereign state and the restraining of a city official. Citizens and taxpayers are uniformly allowed to restrain illegal acts of city officials under a showing that the illegal act will result in injury to the taxpayer. On the question of whether a taxpayer seeking injunctive relief must show special damages, the courts are somewhat divided, but they are a unit in holding that at least general damage must be shown.

In *Crampton v. Zabriskie*, 101 U. S 601, cited in *Jones v. Reed, supra*, and in all the cases which declare that a taxpayer need show no special damage to himself different from that suffered by the taxpayers at large, there was a showing that a general injury would be sustained by the taxpayer. It was further shown that the act sought to be restrained involved an illegal expenditure of municipal funds or the creation of a debt for which taxes would be levied. In such cases, it is held that the party seeking to enjoin the illegal act is not required to show any special damage to himself not suffered by the taxpayers generally. This line of authority is of no value to respondent, however, there being no showing here of either special damage to respondent or of general damage to the tax-paying public. On the contrary, there is a showing that the contract with the appellant Stephens has resulted in decreasing the cost of maintaining the office of corporation counsel, thus resulting in a benefit rather than a damage to the taxpayers. It is the general rule, to which this case can furnish no exception, that "substantial and positive injury must always be made to ap-

pear to the satisfaction of a court of equity before it will grant an injunction, and acts which, though irregular and unauthorized, can have no injurious result, constitute no ground for the relief." 1 High, Injunctions (4th ed.), § 9. Leading cases and textwriters have long since established the rule that, to enable a taxpayer to restrain an illegal act on the part of a municipality, some injury must be shown. The following citations are well supported:

"It is generally held, unless otherwise provided by statute, that a taxpayer cannot sue to enjoin an illegal or unauthorized act on the part of a municipality unless such act will result in an increase of his taxes or will otherwise result in direct or indirect pecuniary injury to him." 5 McQuillin, Municipal Corporations, § 2586.

"Equity will not interfere to prevent the enforcement of a city ordinance simply on the ground of its illegality, nor will it assume jurisdiction to question the . . . validity of the ordinance *per se,* for the purpose of protecting citizens from an uncertain and remote injury." 2 High, Injunctions (4th ed.), § 1243.

"An injunction, it has been held, will not be granted to a tax-payer to restrain the enforcement of a void municipal ordinance, when the case is not brought within the principles laid down above [use of city money under *ultra vires* contract creating expenditure and improper use of public property resulting in damage to taxpayer.]" 5 Pomeroy, Equity Jurisprudence, § 353.

The books are full of cases announcing such rule. No instances have been called to our attention, and a search of the authorities has failed to disclose a case, where an injunction has been allowed a taxpayer who did not show that the illegal act sought to be restrained would result in a damage to the public.

Respondent's second contention is that appellant cannot legally receive any compensation as corporation counsel because he has not taken an oath of office in accordance with a charter provision requiring every municipal officer, before entering upon the discharge of his duties as such officer, to

take and file an official oath.   A sufficient answer to this con-
tention is the character of this action.   It is not one to test
the qualifications of appellant.   Neither is it a contest of his
right to hold the office.   The point upon which this suit is
based is that the city council, and not appellant, has the
right and the only right to fix the compensation to be paid
those who assist appellant in the discharge of his duties as
corporation counsel.   If no such power is vested in appel-
lant, then it is immaterial whether or not he has taken the
oath of office.   The provision for taking the oath is, how-
ever, only directory, and the failure to comply with it would
not of itself work a forfeiture of the office.   *State ex rel.
Lysons v. Ruff*, 4 Wash. 234, 29 Pac. 999, 16 L. R. A. 140;
*Murphy v. Spokane*, 64 Wash. 681, 117 Pac. 476.

We conclude that respondent has no cause of action, and
the judgment is reversed, with directions to the lower court
to dissolve the injunction and dismiss the action.

ELLIS and MAIN, JJ., concur.

FULLERTON, J. (concurring)—In my opinion, the contract
entered into between the city and the appellant Stephens is
one within the power of the city to make, and hence is legal
and valid.   For this reason, I concur in the judgment di-
rected by the majority.