[No. 21296. Department Two. September 24, 1928.]

THE STATE OF WASHINGTON *on the Relation of Perrin Cornell et al., Appellants,* v. HANS J. SMITH *et al., Respondents.*[1]

*Corbin & Kemp,* for appellants.

*C. B. Hughes, J. D. Oxman, LeRoy McCann,* and *Burt J. Williams,* for respondents.

HOLCOMB, J.—This is an appeal from the judgment of the lower court dismissing an action in mandamus, upon sustaining the demurrer of respondents to the complaint of appellants and notice by appellants that they would stand upon the allegations of their complaint.

The facts, as stated in the complaint, are summarized in the memorandum opinion of the trial judge as follows:

[1]Reported in 270 Pac. 306.

The city of Wenatchee is a municipal corporation of the third class of this state. On the first Monday in December, 1924, at a general municipal election, Wenatchee adopted the commission form of government. At a municipal election held on January 12, 1925, for that purpose, appellants were duly elected commissioners of such city, qualified, and ever since have been acting as commissioners, and appellant Cornell, by appointment, is the mayor of the city.

The complaint alleged that, at the time of the election, held on the first Monday in December, 1924, and at all times thereafter, the population of Wenatchee was in fact more than eight thousand and less than fourteen thousand.

It was also alleged that, at the first meeting of the commissioners, held in January, 1925, following their qualification, they did then and there determine in a manner sufficient and proper, if it be conceded that the commissioners have the right to determine the matter in other manner than as prescribed in Rem. Comp. Stat., §§ 8939 and 9090, that the population of Wenatchee, at the time of the holding of the general election in December, 1924, and at all times thereafter, was in excess of eight thousand and not to exceed fourteen thousand.

The Federal census, of which the court takes judicial notice, showed the population at the times mentioned, to be less than eight thousand, to wit: six thousand three hundred twenty-four, and that there was no state census or special census taken by the city in the manner prescribed in § 8939 or § 9090, above, which showed a population of eight thousand inhabitants.

During the year 1925 the mayor drew salary at the rate of $1,200 per annum, and each commissioner at the rate of $1,000 per annum. From the first of January, 1926, the mayor had drawn $2,000 per annum and

each commissioner $1,800 per annum. The city clerk and city treasurer refused to further allow salaries at the higher rate. Since the demurrer admitted all facts pleaded to be true, the above facts must be assumed as correct.

His Honor, the trial judge, filed a very exhaustive and masterly memorandum opinion construing the statutes involved and interpreting our decisions, which, but for the fact that it comprises twenty-one printed pages of one of the briefs herein, might well be adopted as the opinion of this court. In the interests of brevity of judicial opinion, we shall not set forth the memorandum opinion in full.

The question to be decided is, whether a city commission under the commission form of government is empowered to ascertain the population of the city at the time of their election, so that, from such population, their compensation may be fixed. Appellants contend that either the commissioners themselves, or the court, have power to determine the fact of the population of Wenatchee at the time the commissioners were elected and took office.

The commission form of government law is a distinct and complete act in itself. Rem. Comp. Stat., § 9090, *et seq.* The section of the statute on which appellants base their claim to the higher salary is, in part, as follows:

Rem. Comp. Stat., § 9103:

" . . . and their total compensation shall be as follows: In cities having a population of . . . five thousand and less than eight thousand (8,000), the annual salary of the mayor shall be twelve hundred dollars ($1,200), and that of each of the commissioners one thousand dollars ($1,000) ; in cities having a population of eight thousand (8,000) and less than fourteen thousand (14,000) the annual salary of the mayor shall be two thousand dollars ($2,000), and

that of each of the commissioners eighteen hundred dollars ($1,800); . . ."

Relevant provisions of the constitution and statutes are these:

"The salary of any county, city, town or municipal officer shall not be increased or diminished after his election, or during his term of office." Constitution, Art. XI, § 8.

Rem. Comp. Stat., § 9090:

"Any city, now or hereafter, having a population of two thousand five hundred and less than twenty thousand, as shown by the last state or federal census or by any special census taken by the city in any manner prescribed in section 8939, may become organized as a city under the provisions of this act by proceeding as hereinafter provided."

The above section is the first section relating to commission form of government for cities.

Rem. Comp. Stat., § 8939, is as follows:

"The council shall forthwith cause a census to be taken by one or more suitable persons of all the inhabitants of such city or town; in which census the full name of each person shall be plainly written, and the names alphabetically arranged and regularly numbered in one complete series; which census shall be verified before an officer authorized to administer oaths, and filed with the clerk of the corporation."

The applicable provisions of § 9103, *supra,* have already been set forth.

It will be observed that the complaint did not allege that Wenatchee had a population of more than eight thousand as shown by the last Federal census. In fact, as the court observed, the last Federal census showed the population of Wenatchee to be six thousand three hundred twenty-four, of which courts take judicial notice. There was no allegation that any state census had been taken showing the population to

be more than eight thousand, and we judicially know that no state census had been taken.

There was no allegation that a census had been taken by the city commissioners in accordance with § 8939, *supra*. While appellants contend that § 8939, *supra*, should have no bearing upon this matter for the reason that there was no attempt to advance the class of Wenatchee from third to a second class city, neither is any statute pointed out whereby the commissioners have the right to proceed in any other way to establish the number of inhabitants. The compensation of the city commissioners under the commission form of government act is dependent upon population. To determine population is to fix the salary.

A municipal officer claiming a salary of a given amount must point to a provision of the law which with certainty and beyond doubt authorizes it. 43 C. J. 696.

When the salary of a municipal officer is not fixed by some statutory provisions, the power to do so is, by the constitution, statute or charter, generally vested in some municipal body or officer, the amount being left to the discretion of such body or officer, or to be fixed by it within certain specified limits. . . . But in the absence of a clear grant of power, the members of the governing body of a city are not authorized to fix and determine their own compensation. 43 C. J. 697.

While the exact question has never been determined by this court, the spirit of our own decisions is in harmony with the interpretation given them by His Honor.

In *James v. McMillan*, 113 Wash. 644, 194 Pac. 823, it was found that five principles have been decided by our adjudicated cases, as follows:

(1) That, where salaries depend upon population, and neither the constitution nor the statutes provide

the method by which the population shall be determined, the commissioners and/or the court may determine the population, in order to fix salaries or determine the class of counties.

(2)   That, where the salaries of officers depend upon population, and the legislature has provided the method by which the population shall be determined, that method is exclusive of all others, and neither the commissioners nor the court are authorized to make such determination.

(3)   The salary of any county, city, town or municipal officer shall not be increased or diminished after his election or during his term of office.

(4)   A city has only such powers as are granted by the legislature, or are necessarily implied in the exercise of its governmental powers or police functions.

(5)   That, in the cases described in paragraph one above, the parties authorized may, after the election and qualification of officers, in a proper manner determine what the population was, in fact, at the time of the election of such officers, not for the purpose of increasing or diminishing the salaries of such officers, but for the purpose of determining, in the first instance, what salaries should be neither increased nor diminished.

Our cases also establish that, where the legislature has provided a method of determining population, that method is exclusive and the courts may not act. *Anderson v. Whatcom County,* 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137; *State ex rel. Smith v. Neil,* 25 Wash. 264, 65 Pac. 188, 68 Pac. 1135; *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; *State ex rel. Williams v. Brooks,* 58 Wash. 648, 109 Pac. 211; and *State ex rel. Elwood v. Lovering,* 78 Wash. 624, 139 Pac. 617.

While we are of the opinion that § 8939, *supra,* ap-

plies only to the method of taking a census for the purpose of advancing a city from a third to a second class city and is immaterial in this instance, it is the only provision applying to determination of population of a city of the third class, other than by the last state census or the last Federal census.

Consequently, in the absence of further legislation, a city of the third class, acting under the commission form of government law, is not empowered to ascertain its population by the enumeration provided for in § 8939 and § 9090, *supra,* except for the purpose of advancing from the third to the second class city. It is well established that a city has only such powers as are granted by the legislature or necessarily implied in the exercise of its governmental powers and police functions.

Since the last authoritative census, the Federal census, showed the population of Wenatchee to be less than eight thousand and no other method of determining the population by the commissioners was, or could be, complied with under our statutes, appellants are only entitled to compensation as for a third class city of less than eight thousand having a commission form of government.

The judgment was right and is affirmed.

ASKREN, and BEALS, JJ., concur.

FULLERTON, C. J., and MAIN, J., concur in the result.