[No. 23256. Department Two. December 2, 1931.]

J. A. BELL, *Respondent*, v. TOWN OF MABTON, *Appellant*.[1]

[1]Reported in 5 P. (2d) 514.

*Stephen E. Chaffee,* for appellant.

*Geo. O. Beardsley,* for respondent.

BEALS, J.—By ordinance number 123, the town of Mabton, during the month of January, 1914, fixed the duties of its "water commissioner," although it did not create that or any other office. By ordinance number 141, approved February 13, 1917, the mayor was authorized to appoint certain town "officers," including "one waterworks commissioner who shall perform the duties prescribed by ordinance number 123;" also,

" . . . one meter reader, whose duty it shall be to take an accurate reading of each water meter in service, at the end of each month, and record same under proper heading in a book to be prepared and provided by the town clerk, and turn the completed record back to the town clerk not later than 7 o'clock in the afternoon of the last day of every month. Also to make written reports of all bad order meters, cut offs, connections, etc., that may come to his attention at any time, and to turn on, or cut off, domestic water service when directed by the town clerk."

It will be noted that ordinance number 141, in connection with the office of "water works commissioner," directly refers to the prior ordinance number 123 defining the duties of the town "water commissioner." How the officer referred to in ordinance number 123 as "water commissioner" was designated in the prior ordinance creating the position does not appear, but the two ordinances construed together clearly indicate that only one officer should be appointed, who should be in charge of the town's water system.

By ordinance number 168, passed April 27, 1920, the salaries of the town officers were fixed, sections 6 and 8 of this ordinance reading as follows:

"Section 6. That the water works commissioner shall receive a compensation of $125 per month, payable out of the general fund of the town.

"Section 8. That the water meter reader shall receive a compensation of $5 per month, payable monthly out of the general fund of the town."

The ordinance last referred to followed ordinance number 141 in referring to the "water works commissioner," but slightly departed from the language of that ordinance in fixing the salary of the "meter reader," who was referred to in the salary ordinance as the "water meter reader." As ordinance number 141, establishing the office, clearly shows that the duties of the meter reader were to read the water meters, it must be held that the designation of the officer in the salary ordinance is sufficient, and that the salary appurtenant to the office designated as that of "water meter reader" was properly payable to the person appointed to the office of meter reader, as established by ordinance number 141.

April 13, 1923, plaintiff, J. A. Bell, wrote to the mayor of Mabton the following letter:

"Please consider this an application for the position of water commissioner and meter reader, the duties of which I agree to perform in a thoro manner as required by the ordinances of the town and the directions of the mayor and city council, for the monthly salary of $100. (Signed) J. A. BELL."

Concerning plaintiff's application, the minutes of a regular meeting of the city council, held April 24, 1923, discloses the following:

"Councilmen present Owings, Tresner and Boulware; Burfield came later. Minutes of previous meeting dispensed with owing to absence of Clerk Howell, and the mayor requested Councilman Boulware to act as clerk of the meeting.

"The following written applications for the position of water commissioner and meter reader were placed before the council by the mayor: J. B. Wright, salary $100; Wm. Zyph, salary $100; J. A. Bell, salary $100;

George Vierhus, salary $90; Vance Shellman, no salary stated.

"At the request of the mayor, a council vote was taken on these applications, resulting in 2 votes for Bell and 1 vote for Vierhus. After some further discussion another ballot was taken, resulting in 3 votes for Bell, and being unanimous, the mayor thereupon appointing J. A. Bell water commissioner and meter reader."

Pursuant to this appointment, plaintiff entered upon the performance of duties in connection therewith, which he performed up to September 20, 1930, receiving during this period a salary of one hundred dollars per month, paid upon his claims rendered to the city monthly, in the amount mentioned. After his discharge, plaintiff filed with the city a claim in a lump sum for twenty-five dollars a month additional salary as water commissioner, and five dollars per month as meter reader during the term of his employment, the claims being based upon the ordinances hereinabove referred to. Upon rejection of his claim by the city council, this action was instituted thereon.

The trial court found in plaintiff's favor, and rendered judgment against defendant for the difference in salary for the three-year period within the statute of limitations, holding that, as to the remainder of plaintiff's claim, the same was barred by the statute. Defendant appeals, contending that plaintiff was not appointed to the positions created by ordinance number 141 above referred to, or to which salaries were attached by ordinance number 168, but, as shown by his letter and the minutes of the council, became a mere employee of the city, holding other positions and performing other duties than those specified in the ordinances for which the combined salary of one hundred thirty dollars per month was fixed.

Appellant complains of rulings of the trial court re-

jecting testimony offered on appellant's behalf. For the purposes of this opinion, we assume that testimony in accordance with appellant's offer had been received.

Appellant argues that respondent applied for the position of "water commissioner and meter reader," for which he agreed to accept one hundred dollars per month; that he, during the term of his employment, made monthly claims for salary in the sum of one hundred dollars, and no more, and accepted payment thereof in full.

In his letter above quoted, respondent referred to the principal office for which he applied by the old title used in ordinance number 123 defining the duties thereof, but named the secondary office, that of "meter reader," by the title under which the same was established by ordinance number 141.

It appears from the testimony that respondent performed other services for the city than those specified in the ordinances, acting in fact as a general utility man, rendering such services as he was directed by the mayor to perform. It may be noted, in passing, that the performance of such extra services seems to be contemplated by section 2, ordinance number 141, which reads as follows:

"That, in addition to the duties herein prescribed for the officers enumerated above, each and every one shall perform such other duties as may be required of them by law, or by ordinance, or by the mayor, the town council, or a committee of three of the town council, having jurisdiction over the department being conducted by the respective officers."

Appellant cites the case of *State ex rel. Barney v. Hawkins,* 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583, and quotes from the opinion that portion which states five elements which the court held are indispensable

in order to make a position of public employment a public office of a civil nature.

In this connection, we hold that respondent, in his letter of April 13, 1923, applied for the positions of ."water works commissioner" and "meter reader," as established by ordinance number 141, and that he was by the mayor appointed to those positions, and thereby became entitled to receive the compensation attached by ordinance number 168 to the offices of water works commissioner and water meter reader; the trifling variation from the titles of the offices as contained in ordinance number 141 being, particularly in view of all the evidence in the case, immaterial.

In this connection, it is proper to observe that it does not appear that any other person was, during the time respondent was in the city's employ, appointed to either of these offices, or that any person other than respondent performed any of the duties in connection therewith. The mere fact that respondent, under instructions from the mayor, performed for appellant duties which were not, strictly speaking, within the purview of the offices to which respondent had been designated, does not indicate that, as a matter of fact, respondent was not either in law or in fact filling the positions to which we hold he had been appointed.

Appellant contends that it does not appear that respondent filed any oath of office. At most the provision of any ordinance stating that an oath of office be filed would be merely directory "and the failure to comply with it would not of itself work a forfeiture of the office." *State ex rel. Lysons v. Ruff,* 4 Wash. 234, 29 Pac. 999, 16 L. R. A. 140; *Murphy v. Spokane,* 64 Wash. 681, 117 Pac. 476; *Maxwell v. Smith,* 87 Wash. 629, 152 Pac. 530; *Bartholomew v. Springdale,* 91 Wash. 408, 157 Pac. 1090, Ann. Cas. 1918B 432.

The evidence clearly brings respondent within the

rule laid down by this court in the case of *State ex rel. Cornell v. Smith,* 149 Wash. 173, 270 Pac. 306, as follows:

"A municipal officer claiming a salary of a given amount must point to a provision of the law which with certainty and beyond doubt authorizes it. 43 C. J. 696."

As we hold that respondent was filling offices created by city ordinances, and that ordinance number 168 established salaries appurtenant to these offices, it follows that, under the rule laid down in the case of *Rhodes v. City of Tacoma,* 97 Wash. 341, 166 Pac. 647, any agreement on the part of respondent to accept as compensation for his services a less sum than that provided by ordinance was void as against public policy, and that respondent may recover (for the period within the statute of limitations, as held by this court in the case of *State ex rel. McMillan v. Miller,* 108 Wash. 390, 184 Pac. 352) the difference between the salary which he in fact received, and that fixed by law for the offices to which respondent had been appointed.

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.