[No. 27824. Department One. December 21, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Julius W. Austin, Plaintiff*, v. THE SUPERIOR COURT FOR WHATCOM COUNTY, *Ralph A. Olson, Judge, Respondent.*[1]

[1]Reported in 97 P. (2d) 171.

*Tom Durham* and *Little, Burgunder & Smith,* for relator.

*Edw. E. Johnson, F. M. Hamilton,* and *Abrams & McCush,* for respondent.

MAIN, J.—The relator seeks a writ of prohibition against the superior court of Whatcom county to prohibit further action in a *quo warranto* proceeding instituted by the prosecuting attorney of that county against the relator. The object of the proceeding was to oust the relator, Julius W. Austin, from the office of county commissioner in Whatcom county. To the information, in the nature of *quo warranto,* the relator interposed a demurrer, which was overruled. Before answering, the relator came to this court and sought a writ of prohibition.

The question is whether the superior court had jurisdiction in the first instance to hear and determine the matter. The facts, as stated in the information, may be summarized as follows: At the general election held in Whatcom county on the third day of November, 1936, the relator was duly elected as county commissioner for the second district of that county for a period

of four years, which term would end on the second Monday in January, 1941. The relator qualified as such commissioner, and, for the last two years of the term, filed a bond, in the sum of twenty thousand dollars, with the National Surety Corporation of New York, surety. The bond was dated December 31, 1938, and became effective January 9, 1939, ending on the second Monday of January, 1941. Thereafter, and on June 26, 1939, the National Surety Corporation served and filed a notice that it withdrew as surety upon the bond from and after July 15, 1939. Subsequently, and on July 14, 1939, the relator filed a bond in the sum of twenty thousand dollars, which contained the names, as sureties, of a number of persons who justified, either separately or as a community. The aggregate of the amount of the justifications was more than twenty thousand dollars. This bond was approved by the county clerk July 14, 1939. It is stated in the information that the bond does not meet the requirements of the law, because no one of the sureties justified for the full amount of the bond, and for the further reason that the aggregate amount in which the sureties upon the bond could legally justify was less than the sum of twenty thousand dollars.

The first question to be determined is whether the relator had an adequate remedy by appeal. If there is such a remedy, prohibition is not available to him. Had the cause on the information proceeded to final judgment, that judgment would have been self-executing, and, if it was one of ouster, the appointing power could immediately fill the office by appointment of some qualified person. *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *State ex rel. Guthrie v. Chapman,* 187 Wash. 327, 60 P. (2d) 245, 106 A. L. R. 640; *State ex rel. Knabb v. Frater,* 198 Wash. 675, 89 P. (2d) 1046. An appeal would not have

been an adequate remedy, because, if a judgment of ouster was entered, the office filled by some other person, and this court reversed the judgment of the trial court, it would avail the relator nothing.

The next question is whether the superior court had a right in the first instance to entertain an information in the nature of *quo warranto*. In 1890, the legislature passed an act (Laws 1888 and 1890, p. 34; Rem. Rev. Stat., §§ 9930 to 9941 [P. C. §§ 508 to 519], inclusive) covering the matter of official bonds. Section 1 of this act, p. 34, Rem. Rev. Stat., § 9930 [P. C. § 508], provides that all official bonds required of officers by law shall be, in form, joint and several, and made payable to the state of Washington in such penal sum and with such conditions as may be required by law. Section 5, p. 35, Rem. Rev. Stat., § 9934 [P. C. § 512], contains the provision that the official bond of all county and township officers shall be approved by the board of county commissioners, if in session, and if not in session, by the chairman of such board. Section 6, p. 35, reads as follows:

"Whenever the sureties, or any one of them, in the official bond of any county or township officer shall die, remove from the state, become insolvent or insufficient, or the penalty of such bond shall become insufficient on account of recoveries had thereon, or otherwise, it shall be the duty of the board of county commissioners of the proper county, of their own motion, or on the showing of any person supported by affidavit, to summon any such officer to appear before them at a stated time, not less than five days after service of such summons, and show cause why he should not execute an additional official bond with good and sufficient sureties." Rem. Rev. Stat., § 9935 [P. C. § 513].

Section 7, p. 36, provides:

"Should such officer, after due notice, fail to appear at the time appointed, the matter may be heard and

determined in his absence; if after examination the board of county commissioners shall be of opinion that the bond of such officer has become insufficient from any cause whatever, they shall require an additional bond, with such security as may be deemed necessary, which said additional bond shall be executed and filed within such time as the board of county commissioners may order; and if any such officer shall fail to execute and file such additional bond within the time prescribed by such order, his office shall become vacant." Rem. Rev. Stat., § 9936 [P. C. § 514].

It will be observed that, by the provisions of § 6, whenever the sureties, or any one of them, in the official bond of any county, become insolvent or insufficient, it shall be the duty of the board of county commissioners of the proper county, of their own motion, or on the showing of any person, supported by affidavit, to summon any such officer to appear before them at a stated time, not less than five days after service of summons, and show cause why he should not execute an additional official bond with good and sufficient sureties. That section makes it the duty of the county commissioners in the first instance to determine the sufficiency of the sureties on the bond of a county officer. Section 7 provides that, if the officer whose bond is questioned fails to appear at the appointed time, "the matter may be heard and determined in his absence;" and if, after examination, the board of county commissioners shall be of the opinion that the bond of such officer shall become insufficient for any cause *whatever*, they shall require an additional bond with such securities as may be necessary, which additional bond shall be executed and filed "within such time" as the board may order. If the officer does not execute and file a good and sufficient bond within the time fixed, it follows that the

board of county commissioners may enter an order declaring the office vacant.

There is the further provision that, if the officer shall fail to execute and file such additional bond within the time prescribed by such order, "his office shall become vacant." Statutes providing that an office shall become vacant if the officer elected thereto does not file his official bond or take his oath of office within the time prescribed, do not operate to vacate the office. *State ex rel. Lysons v. Ruff*, 4 Wash. 234, 29 Pac. 999, 16 L. R. A. 140; *State ex rel. Chealander v. Carroll*, 57 Wash. 202, 106 Pac. 748; *Bartholomew v. Springdale*, 91 Wash. 408, 156 Pac. 1090, Ann. Cas. 1918B, 432; *Bell v. Mabton*, 165 Wash. 396, 5 P. (2d) 514.

On this branch of the case, we conclude that the sections of the statute above mentioned require that, when an officer's bond is questioned, the hearing and determination in the first instance shall be by the county commissioners. Until such hearing and determination have been had, the court is not authorized to entertain an information in the nature of *quo warranto* against a county officer.

Whether a bond of an officer is sufficient, because the sureties are individuals and no one of them justifies in an amount equal to the penalty of the bond, is a question which is not properly before us at this time and upon which we express no opinion.

The writ will issue.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.