[No. 11708. Department One.    March 25, 1914.]

THE STATE OF WASHINGTON, *on the Relation of J. E. Elwood, Appellant,* v. W. E. LOVERING, *as County Auditor for Pacific County, et al., Respondents.*[1]

JUSTICES OF THE PEACE—ELECTION — NUMBER — SALARY—POPULA· TION OF CITY—DETERMINATION — STATUTES—CONSTRUCTION.   Under Const., art. 4, § 10, requiring a salary in lieu of fees for justices of the peace in cities of more than 5,000 inhabitants, and Rem. & Bal. Code, §§ 6532, 6535, providing for one justice and for a salary of $1,200 per annum in such cities, payable by the county, an official determination of the population is essential to entitle a justice to the salary; and Rem. & Bal. Code, §§ 7479, 7485, 7487, authorizing a census by officers of a city of the third class for specified purposes do not authorize the city to determine the population of the city for this purpose; especially where the finding was not acted upon by election officers in giving notice of the election of two justices, which is done only in cities of less than 5,000 inhabitants.

SAME—NUMBER—SALARY—DETERMINATION OF POPULATION. Where two justices of the peace were elected, pursuant to due notice, in a city of the third class, which is done only in cities of less than 5,000 population, the courts will not determine the population on the application of one of the justices, claiming a salary in lieu of fees, under Rem. & Bal. Code, §§ 6532, 6535, providing for but one justice, with such salary, in cities of over 5,000 inhabitants; even though the other justice elected did not qualify, as the office would not lapse from failure of an officer to qualify.

Appeal from a judgment of the superior court for Pacific county, Wright, J., entered September 10, 1913, dimissing mandamus proceedings to secure the issuance of a salary warrant, after a trial upon an agreed statement of facts. Affirmed.

*Swasey & Fuqua,* for appellant.

*H. W. B. Hewen,* for respondents.

CHADWICK, J.—It is provided in § 10, art. 4 of the state constitution that "In incorporated cities or towns having

[1]Reported in 139 Pac. 617.

more than five thousand inhabitants, the justices of the peace shall receive such salary as may be provided by law, and shall receive no fees for their own use." The legislature has provided that there shall be one justice of the peace in cities having a population of more than five thousand, and has fixed the salary at $1,200 per annum. Rem. & Bal. Code, §§ 6532, 6535 (P. C. 287 §§ 37, 39).

Relator, with another, was elected a justice of the peace in the city of Raymond at the regular biennial election held in November, 1912. The notices of election called for the election of two justices. The other person elected did not qualify. Relator qualified and continued to serve, collecting fees, until August 1, 1913, when he turned his total collections in fees and fines, amounting to $219.70, into the county treasury, and on the same day presented his receipt therefor, together with a claim for salary in the sum of $650, being the salary that would be due and unpaid under § 6535, *supra*. His claim was rejected, and this proceeding followed.

Relator bases his contention upon a finding, made in August, 1912, by the city council of the city of Raymond, that the city had in fact a population of 5,148. From an adverse decision in the superior court, relator has appealed to this court. We think the case can be reduced to one or two simple questions.

First: Does the law require or contemplate an official finding of population. We have no doubt that it does. Waiving the question whether such a finding by the board of county commissioners would be an official finding, we are quite clear that a finding of such fact by a city council would not, unless acted upon by the officers charged with the preparation of election notices, be in any way determinative of the question before us. The law makes no provision for the taking of a census by the officers of a city of the third class, except in certain defined instances and for specified purposes—that is, the classification or advancement

of the city. Rem. & Bal. Code, §§ 7479, 7485, 7487 (P. C. 77 §§ 25, 37, 41). A city has only such powers as are granted by the legislature or are necessarily implied in the exercise of its governmental powers and police functions. It would seem that the maxim, *expressio unius est exclusio alterius*, should apply.

The salary of a justice of the peace is paid by the county, and it would be anomalous indeed to hold the county to a liability upon a state of facts of which it had no notice, or, having notice, it had in effect disclaimed by giving notice of an election commanding the election of two justices, which is done only in cities of less than five thousand population.

This court has held, in *State ex rel. Williams v. Brooks*, 58 Wash. 648, 109 Pac. 211, that the statute fixing the numbers of justices of the peace follows the mutation of numbers, but that there must be an official determination by competent authority, and that pending such inquiry and finding, there may be two justices, each qualified, although the population be at a given time greater than 5,000. Keeping in mind the fact that there, as here, there was no official determination, and that the auditor gave notice of an election of two justices, the words of the court are apt:

"We are of the opinion that, in the eyes of the law, for the purpose of determining the number of its justices of the peace therein, the city of Puyallup did not have more than 5,000 inhabitants at the time of the election of 1908, nor in any event until it was officially so determined in April, 1909, regardless of the real fact as to its population."

But we are invited to hold that the court should have proceeded to find the fact under the authority of *Anderson v. Whatcom County*, 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137; *State ex rel. Smith v. Neal*, 25 Wash. 264, 65 Pac. 188, 68 Pac. 1135; *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797, and *Faucher v. Rosenoff*, 65 Wash. 416, 118 Pac. 315. It is true that this court has held that the population of a city or county may be made the

subject of judicial inquiry in a proper case, but an inquiry and a holding that the population of the city of Raymond was, at the time of the election of the relator, and is now, greater than 5,000, would not avail the relator, under the authority of *State ex rel. Williams v. Brooks, supra.* As will be observed, it was there taken as an admitted fact that, at the time of the election and at the time the decision was pronounced, the city of Puyallup had more than 5,000 population. The effect of the court's decision was that, notwithstanding that fact, an election having been held without a previous determination, or by the courts, the constitutional provisions and the statutes would not apply *ad interim,* or until an election had been held on a proper notice calling for the election of but one justice. If it were not so, a sudden growth of a city from less than 5,000 to more than 5,000 between regular elections would cause confusion and result in a scramble for the office upon no more worthy grounds than was urged in the Puyallup case—that is, that the contender had received a greater number of votes than had the other justice who had been declared elected at the same time.

Moreover, we may judicially assume that, at prior elections, two justices were elected in the city of Raymond. It does not follow, merely because one of the men elected to the office at the last election did not qualify, that the office has lapsed. It may be; the law will so presume, in the absence of a proper showing, that the office has not lapsed and that its then incumbent has held over and is performing the duties prescribed by law.

There is no error in the judgment of the court dismissing the petition of relator, and it is affirmed.

CROW, C. J., ELLIS, MAIN, and GOSE, JJ., concur.