[No. 31324. Department One. September 22, 1950.]

W. P. VINCENT et al., Respondents, v. GUY DUNGAN, as
Mayor of Ephrata, Appellant.[1]

William M. Clapp, Weter, Roberts & Shefelman, and
Vernon W. Towne, for appellant.

George M. Martin and Ernest Falk, for respondents.

[1]Reported in 222 P. (2d) 392.

GRADY, J.—This appeal involves the question whether the appellant, as mayor of the city of Ephrata, should be required to sign a salary warrant issued to respondent Gene M. Vincent in payment for services rendered as librarian of the public library maintained by that city.

Some years ago, the city of Ephrata, Washington, established a public library to serve its patrons residing within the limits of the city. It was a city of the fourth class, and according to the Federal census of 1940 had a population of 961. In 1947 it became a city of the third class. A census taken showed a population of 3,269. School district No. 165 includes within its limits the city of Ephrata and an adjacent area. About the year 1945, the library building was moved to a location owned by the district and adjacent to one of the public school buildings. A verbal agreement was made between the city and the district for library service, but it is not clear from the evidence whether such service was to extend to the whole population or was limited to school children attending the district schools. We shall assume it was the intention of the parties to include the whole population. The record does not indicate that any census or other official record existed by which the population of the whole district could be ascertained. On May 12, 1949, the board of library trustees employed respondent to serve as librarian at a salary of $175 per month. She was not the holder of a librarian's certificate issued by the state board for the certification of librarians. When the first payment of salary became due, a warrant therefor was issued by the city clerk. This warrant was presented to the appellant for signature, but he declined to sign it. A mandamus proceeding was instituted. The trial court entered an order directing appellant to sign the warrant, from which this appeal has been taken.

R. C. W., § 27.02.05 [Rem. Rev. Stat. (Sup.), § 8226-11 (5) and (6)], provides:

"Every library serving a community of over four thousand population and every library operated by the state or by an institution of higher learning within the state must employ a certified librarian for every full time professional

library position, which in the opinion of the state board for certification of librarians requires a knowledge of books and of library technique equivalent to that required for graduation from an accredited library school: *Provided*, That these requirements shall not apply to the state law library or to county law libraries."

The appellant contends that, in order to be entitled to compensation for her services as librarian, it was necessary that respondent show that the population of the city of Ephrata and the part of the school district outside its limits had a population of not over four thousand. When the court ruled otherwise, appellant offered to prove to the contrary, but the offer was rejected.

In approaching the main question to be decided, it must be borne in mind that this is not a proceeding by which it is sought either to prevent the employment of a librarian who does not hold a certificate, or to require the library board to terminate such employment, but involves the right of an employed librarian to be paid for services rendered. What we shall say in this opinion is limited to the latter question, and is not to be construed as having any bearing upon the continuing tenure of the employment of respondent.

At the time of the employment of respondent, the library board was in this situation: The services of a librarian were needed. It was the duty of the board to secure the services of a librarian so that the public library might properly function. The salary budget was not sufficient to enable it to employ a certified librarian, but was sufficient to employ one not holding a certificate. The community served by the library was the city of Ephrata and that part of the school district outside the city limits. The last census showed the population of Ephrata to be 3,269. There was no census or other existing official data by which the population of the other part of the district might be determined. The board was without authority to take or have a census taken. The board had the legal right to accept and rely upon the last official census as to the population of Ephrata, and, in the absence of any official data as to the population of

the area outside of Ephrata, the board was not prohibited from employing respondent. Being so employed, respondent became entitled to receive her salary as it was earned. The principles of law recognized in *State ex rel. Williams v. Brooks*, 58 Wash. 648, 109 Pac. 211, and *State ex rel. Elwood v. Lovering*, 78 Wash. 624, 139 Pac. 617, we hold to be in support of our conclusion.

The appellant calls our attention to those cases and authorities having reference to the right of recovery of salary or for services rendered in those vocations or professions for which a license or certificate is required by law, where the rule is stated to be that before recovery can be had it must be made to appear that the claimant possesses such license or certificate.

We do not think the principle of those authorities is applicable to the facts of this case. In those cases, the right to act or serve was dependent upon having a license or certificate. But in the situation before us a certificate was necessary only in the event the population of the community exceeded four thousand. This was a question for the employing body to determine with the available official data at hand. In accepting employment as librarian, respondent was not called upon to determine the question of population at her peril, or to question whether the library board correctly determined the population.

We are in accord with the ruling of the court that in this proceeding the offered proof that the population of the community served by the library at the time of respondent's employment and service in fact exceeded four thousand was not material. Paraphrasing what we stated in *State ex rel. Williams v. Brooks*, *supra*, in the eyes of the law, for the purpose of determining whether respondent was eligible for employment, the community served by the library did not have a population of more than four thousand, regardless of the real fact as to its population. There are situations where it is necessary and proper for the court to determine population, but we hold this is not one of them.

Appellant urges that the court erred in its refusal to permit him to reopen his case so that he might prove that

the warrant he refused to sign was not supported by any voucher. The record satisfies us the court was correct in its ruling. If this had been deemed a material issue, appellant should have called attention to the deficiency timely so that it could have been supplied voluntarily or by order of the court if it was concluded the customary payroll sheet did not suffice. Furthermore, appellant does not indicate that had the warrant been supported by what he deemed was a sufficient voucher he would have signed it.

Appellant asserts there is nothing in the record to show that funds were available with which to pay the warrant. An item of salary for a librarian was in the financial budget of the city of Ephrata, and the court must presume that provision was made by the finance department of the city to meet the budget.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.