[No. 37435.   Department One.   April 1, 1965.]

CHELAN COUNTY, *Respondent*, v. JOHN R. FELLERS *et al.*,
*Defendants*, LOGAN FOX *et al.*, *Respondents*,
CHARLES LEMONS, *Appellant.**

*Charles W. Cone*, for appellant.

*J. Harold Anderson*, for respondents Fox.

OTT, J.—Logan Fox and Emilia Fox, his wife, purchased
on executory contract from Alois Dirkes 15 acres of orchard
property and homesite in Chelan County, described as:

"Government Lot 9 in the southwest quarter of the north-
east quarter, less GN Rwy R/W and less easement to PUD,
Section 36, TWP 24N, Range 18 EWM;

"Government Lot 8, less GN Rwy R/W and less ease-
ment to PUD, Section 36, TWP 24N, Range 18 EWM."

The real-estate taxes became delinquent, and the county
treasurer issued a certificate of delinquency in accordance

*Reported in 400 P. (2d) 609.

with RCW 84.64.050, and made application to the court for a judgment foreclosing the tax lien under the provisions of RCW 84.64.080.

September 16, 1963, an order was entered in the tax foreclosure proceeding adjudicating the Foxes to be in default, and directing the treasurer to sell the property at public sale. The order provided:

"That the Treasurer of said Chelan County be, and hereby is, ordered and directed to sell, in the manner provided by law, the various lots, tracts, or parcels of real property hereinabove described . . . *or so much thereof as may be necessary to realize the sum of money for which judgment is hereby entered* against each of such respective lots, tracts, or parcels of real property as hereinabove set forth and to execute a deed or deeds thereof to respective purchasers as required by law. . . ." (Italics ours.)

September 27, 1963, the county treasurer offered the property for sale at public auction. Charles Lemons bid the amount of the judgment on each of the Government Lots in the total sum of $873 and became the purchaser.

Prior to the execution of a treasurer's deed, Charles Lemons informed Mr. Fox of his ownership of the property. Mr. Fox promptly petitioned the court to vacate the sale for the reason that it had not been conducted in the manner prescribed in the court's order. Charles Lemons was permitted to intervene in the proceedings and, by his answer, contended that the sale had been conducted according to law, and that the court's order that the Government Lots be offered for sale piecemeal was not in conformity with the statute.

The cause was tried to the court. The county treasurer testified that he did not offer this property for sale as directed by the court's order, but, instead, offered each lot involved in this proceeding as a unit. He further testified that he had not executed a deed to Mr. Lemons, the purported purchaser. The court entered findings of fact and conclusions of law in part as follows:

"· · ·

"(2) That on the 16th day of September, 1963, an order was entered in the above matter adjudging the petitioners

to be in default in the above captioned tax foreclosure action, and that on said date, the court entered an order directing the Treasurer of Chelan County, Washington, to sell said property at public sale to the highest bidder, or so much thereof, as is necessary to satisfy the tax judgment.

"(3) That thereafter, on the 27th day of September, 1963, the County Treasurer proceeded to sell said property in its two separate Government lots, but did not sell the parcels hereinabove described in accordance with the order of the court, in that portions of said two government lots were not offered for sale to satisfy the tax lien pursuant to the order of this court.

"(4) That the petitioners' property has a value of $35,000.00, and that on the 27th day of September, 1963, there was growing thereon a crop of apples having a gross value of $20,000.00, making the total value of petitioners' property, $55,000.00, which said property was sold by the Treasurer of Chelan County, Washington, for the sum of $873.00.

"From the foregoing FINDINGS OF FACT, the Court, in accordance therewith, makes the following:

"CONCLUSIONS OF LAW

". . .

"(3) That the sale by the Treasurer was not in compliance with the order of this court, and is therefore a nullity."

Based upon its findings and conclusions, the court entered an order setting aside the purported sale, and directing that the purchase price, plus costs, interest, and attorneys' fees, be paid to Charles Lemons. Charles Lemons has appealed.

Appellant's principal contention is as follows:

"There is no statutory authority or necessity for including that part of the judgment which reads:

"'or so much thereof as may be necessary to realize the sum of money for which judgment is hereby entered against each of such respective lots, tracts, or parcels of real property.'"

RCW 84.64.080 provides in part:

". . . The court shall give judgment for such taxes, interest and costs as shall appear to be due upon the several lots or tracts described in said notice of application for judgment or complaint, and such judgment shall be a several judgment against each tract or lot or part of a tract

or lot for each kind of tax included therein, including all interest and costs, and the court shall order and direct the clerk to make and enter an order for the sale of such real property against which judgment is made, or vacate and set aside the certificate of delinquency *or make such other order or judgment as in the law or equity may be just. . . .*" (Italics ours.)

■ As indicated by the above-quoted statute, the legislature has granted to the superior court authority to "make such other order or judgment as in the law or equity may be just."

In the instant case, the trial judge included in his order a provision which he believed to be just, by requiring that the treasurer offer for sale only such part of Government Lots 8 and 9 as necessary to collect the amount of taxes due, plus interest and costs. Whether such an offer would have resulted in salvaging any part of the property for the owners is not known, but the court's order was a proper exercise of its discretion in this regard. That such a piece-meal sale by order of court was within the contemplation of the legislature is further substantiated by the following provision of RCW 84.64.080: ". . . The county treasurer shall execute to the purchaser of any *piece* or *parcel* of land a tax deed. . . ." (Italics ours.)

■ Before the deed was executed and the sale thereby consummated, respondents Fox timely challenged the validity of the sale proceedings. Since it is conceded that the sale was not held in conformity with the order of the court, the court did not err in setting aside the purported sale.

■ We find no merit in appellant's contention that "There is no statutory authority" to sustain the court's order of sale in this cause. To so hold would require that the words, "or make such other order or judgment as in the law or equity may be just," be read out of RCW 84.64.080, *supra.* Our long established rules of statutory construction require that each word and phrase be given meaning and effect. *In re Chapin v. Rhay,* 59 Wn. (2d) 459, 367 P. (2d) 832 (1962); *State v. Rinkes,* 49 Wn. (2d) 664, 306 P. (2d)

205 (1957); *Groves v. Meyers*, 35 Wn. (2d) 403, 213 P. (2d) 483 (1950).

The judgment is affirmed.

ROSELLINI, C. J., HILL and HUNTER, JJ., and MacIVER, J. Pro Tem., concur.