[No. 43852.   En Banc.   September 8, 1975.]

ROBERT T. DALY *et al, Petitioners*, v. BRUCE CHAPMAN, *as Secretary of State, Respondent.*

*Roderick D. Dimoff*, for petitioners.

*Slade Gorton, Attorney General*, and *Wayne L. Williams, Assistant*, for respondent.

WRIGHT, J.—The problem in this case can be stated briefly. A vacancy occurred in the office of the Secretary of State in early 1975. The Governor appointed the Honorable Bruce K. Chapman to fill the vacancy. A general election will be held in November 1975 and a primary election in September 1975. The question is: does the appointee serve the full unexpired term or is the office to be filled by election for the balance of the unexpired term in the 1975 elections?

An order of this court dated July 24, 1975, has directed respondent to accept filings and a supplemental order dated August 12, 1975, has directed him to proceed to hold an election to fill the unexpired term.

After the first of those orders the legislature met in the second extraordinary session of 1975. On August 9, 1975, the legislature passed Senate Bill No. 2978 which provided that the state-wide general elections held in odd numbered years shall, *inter alia*, be a proper time and place for election *"of offices created by* [or] *whose duties are described in* . . . Article III, sections . . . 17 . . . of the state Constitution . . ."* Const. art. 3, § 17 relates to the office of Secretary of State.

Senate Bill No. 2978 amended RCW 29.13.010 and the only change was the addition of the words italicized above and a list of offices affected (by reference to constitutional sections).

The bill carried an emergency clause and thus became effective on August 11, 1975, when signed by the Governor. The bill was passed by the Senate by a vote of 43 to 0 and by the house (with amendments) by a vote of 60 to 2 and the Senate accepted the amendments by a vote of 30 to 3— all on August 9, 1975. The speed with which the legislature acted and the emergency clause clearly show the legislative intent that the act apply to the 1975 elections.

782

The legislature, of course, knew of the order of this court of July 24, 1975, which had required filings to be accepted for the unexpired term of the Secretary of State for the 1975 elections. The legislature is presumed to be familiar with its own prior enactments and also with judicial decisions on the subject. *Thurston County v. Gorton*, 85 Wn.2d 133, 530 P.2d 309 (1975); *El Coba Co. Dormitories, Inc. v. Franklin County PUD*, 82 Wn.2d 858, 514 P.2d 524 (1973); *Miller v. Paul Revere Life Ins. Co.*, 81 Wn.2d 302, 501 P.2d 1063 (1972); *Graffell v. Honeysuckle*, 30 Wn.2d 390, 191 P.2d 858 (1948). The legislature, therefore, knew that there were filings for the office of Secretary of State for the 1975 election when it enacted the legislation referred to above.

In view of the action of the legislature, it is unnecessary to discuss the several matters previously presented to, and considered by, the court.

The orders previously entered by this court are hereby confirmed. An election shall be held in 1975 to fill the balance of the term of the Secretary of State.

STAFFORD, C.J., and FINLEY, HUNTER, and HOROWITZ, JJ., concur.

ROSELLINI, J., concurs in the result.