[No. 44369.   En Banc.   November 9, 1978.]

INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL–CIO, LOCAL 404, *Respondent,* v. THE CITY OF WALLA WALLA, ET AL, *Appellants.*

*Thomas K. Baffney* (of *Reese & Baffney*), for appellants.

*Critchlow, Williams, Ryals & Schuster* and *Michael E. de Grasse,* for respondent.

*Lee Kraft* on behalf of City of Bellevue and *Robert H. Aronson* on behalf of University of Washington Appellate Advocacy Program, amici curiae.

HICKS, J.—May the City of Walla Walla, having provided a civil service system for its fire department, maintain a policy governing promotions within that department on the basis of the "rule of three"? We answer in the affirmative.

Local 404, International Association of Fire Fighters, AFL–CIO (Union) brought this action asserting that the Civil Service Commission of the City of Walla Walla (City) acted contrary to RCW 41.08 by certifying three names to the city manager for appointment to a vacant fire chief position. This practice, referred to in civil service parlance as the "rule of three", had been followed by the City for a number of years. The issue at trial was the validity of the pertinent ordinance. The trial court found that city ordinance No. A–2795, governing fire department civil service, was not in accord with RCW 41.08 and voided the ordinance, insofar as it embodied that practice.

RCW 41.08 was enacted in 1935. It requires organization of a civil service commission for city fire fighters and sets forth standards under which the commission operates. One of these standards, RCW 41.08.040(9), requires the commission to certify to the appointing authority the name highest on the list of eligible persons when a vacancy occurs. However, 41.08.*010* provides that RCW 41.08 does *not* apply to cities which subsequently provide for civil service by regulations which "substantially accomplish the purpose of this chapter." That provision also exempts cities which had fire department civil service systems in effect at the time of the chapter's enactment.

The single issue before us is whether the City's inclusion of the "rule of three" in its ordinance is such a departure from the legislative intent, expressed and implicit in RCW 41.08, that the ordinance fails to substantially accomplish the purpose of the chapter.

We have not previously had occasion to examine the purpose of RCW 41.08. We have, however, considered a companion chapter, RCW 41.12, an almost identical statute concerning city police. In *Reynolds v. Kirkland Police Comm'n*, 62 Wn.2d 720, 725, 384 P.2d 819 (1963), we said:

After a complete reading of RCW chapter 41.12 (Laws of 1937, chapter 13, p. 23), we are of the opinion that its purpose is to establish a civil service system to (1) provide for promotion on the basis of merit, (2) give police officers tenure, and (3) provide for a civil service commission to administer the system and to investigate, by public hearing, removals, suspensions, demotions, and discharges by the appointing power to determine whether such action was or was not made for political or religious reasons and whether it was or was not made in good faith for cause.

We think the same purpose may be ascribed to RCW 41.08.

The Union argues that: (1) uniformed civil service (including fire fighters and police officers) is a particularly sensitive area of public employment requiring special protection from abuse; (2) removing all discretion from the appointing authority is the only way to eliminate the detrimental features of the "spoils" system; and (3) the "rule of one" is therefore an essential feature of any system that purports to "substantially accomplish" the purpose of RCW 41.08.

In interpreting statutes, our function is to ascertain and give effect to the intention of the legislature. *Krystad v. Lau*, 65 Wn.2d 827, 400 P.2d 72 (1965). We cannot agree that the legislature intended to eliminate *all* discretion from the decision–making process. RCW 41.08-.100 provides for a probationary period of appointment "[t]o enable the appointing power to exercise a choice in the filling of positions".

More importantly, we do not believe the legislature intended that a "rule of one" was necessarily required of those cities which created fire department civil service systems. RCW 41.08.010 adopts a flexible approach by

exempting cities which subsequently adopt systems "substantially" accomplishing the purpose of the chapter. A statute should be construed so that each word and phrase is given effect (*Chelan County v. Fellers*, 65 Wn.2d 943, 400 P.2d 609 (1965)), and we do not ignore the implication that cities be given flexibility in their approach.

An important indication of the legislative intent can be gleaned from the history of RCW 41.08. In 1935, both Bellingham and Tacoma used the "rule of three" in their civil service systems which included the fire departments. Had the legislature considered the "rule of one" to be essential to fire department civil service, it could easily have conditioned the exemption on the adoption of that rule.

While the statute adopts the "rule of one" for the statutory system, we do not find the legislature's preference for that provision to be of such overriding concern that it is essential under RCW 41.08. The purpose delineated in *Reynolds* and ascribed to this legislation is substantially accomplished by Walla Walla ordinance No. A–2795. As the Court of Appeals said in *Bellingham Firefighters Local 106 v. Bellingham*, 15 Wn. App. 662, 666, 551 P.2d 142 (1976):

> The "rule of three" which has been used by the City of Bellingham since 1904, with the exception of one period of 2 1/2 years, is a well–established and well–recognized method of carrying out and accomplishing the purposes of civil service. If the state statute had meant to mandate a "rule of one" in every city fire department it could have said so. The statute does not mandate compliance with the methods used in the statute; rather, it requires substantial accomplishment of its purpose. The statute intended to allow cities and towns a local option as to methods and techniques and as to the many recognized and acceptable methods of setting up a civil service system to substantially accomplish the purpose of civil service.

We are in agreement.

Reversed.

HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

WRIGHT, C.J. (dissenting)—I dissent.

Any discussion of this problem must of necessity start with the fundamental rule that a municipal corporation such as the City of Walla Walla possesses only such powers as are conferred by statute, or arise from necessary implication from the provisions of a statute. In *State ex rel. Elwood v. Lovering,* 78 Wash. 624, 626, 139 P. 617 (1914), we said: "A city has only such powers as are granted by the legislature or are necessarily implied in the exercise of its governmental powers and police functions." *See also State ex rel. Clausen v. Burr,* 65 Wash. 524, 118 P. 639 (1911) and *Campbell v. Saunders,* 86 Wn.2d 572, 546 P.2d 922 (1976).

The authority of the City to establish a civil service system must, if such authority is to exist at all, come from statute. The system in use in Walla Walla differs from the system provided by statute. A city is permitted by statute to establish a civil service system for the fire department if such system will "substantially accomplish the purpose of this chapter." RCW 41.08.

The question in this case may be narrowly stated. Do the ordinances of the City of Walla Walla "substantially accomplish the purpose of" RCW 41.08?

Discussion centers around the "rule of one" and the "rule of three." Those terms simply mean that after a civil service examination has been held and the results certified under the "rule of one," the one highest person in the examination gets the employment or promotion. Under the "rule of three," the three highest names are certified to the appointing authority who then selects one name from the three.

We must, therefore, consider if an ordinance which contains the "rule of three" will "substantially accomplish the purpose of" the statute which calls for the "rule of one."

There are several indications that the legislature definitely intended to place fire departments under the "rule of one." (1) The language of the statute is clear. (2) The legislature had other enactments for other classes of employment which provided for the "rule of three." (3) The legislature made adequate provision for discretion under the "rule of one."

The language of the statute is clear. RCW 41.08.040(9) states "the name of the person highest on the eligible list". The language in both sections is clearly singular. When the language of a statutory provision is plain there is no room for construction or interpretation. *State v. Houck,* 32 Wn.2d 681, 203 P.2d 693 (1949); *Shelton Hotel Co. v. Bates,* 4 Wn.2d 498, 104 P.2d 478 (1940); *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971); *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 399 P.2d 8 (1965).

Other acts of the legislature provide for the "rule of three" in regard to the employment of many classes of public employees. There is a presumption when the legislature makes different provisions in different enactments it was intended to make a difference. *Cf. State v. Roth, supra* at 715; RCW 41.06.150. The legislature is presumed to know of other enactments. *Thurston County v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975); *Daly v. Chapman,* 85 Wn.2d 780, 539 P.2d 831 (1975).

The legislature made provision for the exercise of discretion in the appointing process. RCW 41.08.100 provides for a probationary period. The opening words on the provision for a probationary period are: "To enable the appointing power to exercise a choice in the filling of positions". It is clear this is the method selected for the opportunity to be given the appointing power to exercise a choice. It scarcely requires discussion to point out that an appointing power is

in a much better position to objectively evaluate the performance of a person under job conditions when such person is given an actual tryout on the job. An exercise of a choice under such a situation is also far less apt to be tainted by the spoils system, or by personal or political considerations.

There is a fundamental difference between the "rule of one" and the "rule of three." In the "rule of one," selection is based on merit alone. In the "rule of three," merit enters into the selection only to a limited extent. The final choice is given to the appointing authority. It is only a matter of degree and not a difference in kind whether the appointment is made from a list of 3 or a list of 25, or in fact, from a list of 100 names. If the selection can be other than the one best, the element of absolute integrity is gone; politics can enter in. Such a system does not "substantially accomplish the purpose of" RCW 41.08. For that reason, I would affirm the trial court.

ROSELLINI, J., concurs with WRIGHT, C.J.

Reconsideration denied December 14, 1978.